**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:13-cv-738 |
| | § § | **JURY TRIAL DEMANDED** |
| MICROSOFT CORPORATION, | § § § | |
| Defendant. | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against Microsoft Corporation for infringement of U.S. Patent No. 7,218,923 ("the '8923 patent").

**THE PARTIES**

1.  Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.  Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft may be served with process through its agent, PTSGE Corp., 925 Fourth Avenue, Suite 2900, Seattle, Washington 98104-1158.  Microsoft does business in the state of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, Microsoft is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

6. On information and belief, Microsoft is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

7. CCE incorporates paragraphs 1 through 6 herein by reference.

8. CCE is the assignee of the '8923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '8923 patent is attached as Exhibit A.

9. The '8923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10. Microsoft has directly infringed and continues to directly infringe one or more claims of the '8923 patent in this judicial district and elsewhere in Texas and the United States, including at least apparatus claims 24 and 26, by, among other things, making, using, offering for sale, selling and/or importing Microsoft mobile devices, including, for example, the Surface RT and Surface Pro.

11. CCE has been damaged as a result of Microsoft's infringing conduct described in this Count. Microsoft is, thus, liable to CCE in an amount that adequately compensates CCE for Microsoft's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Microsoft, and that the Court grant CCE the following relief:

a. Judgment that one or more claims of the '8923 patent have been infringed, either literally and/or under the doctrine of equivalents, by Microsoft;

b. Judgment that Microsoft account for and pay to CCE all damages to and costs incurred by CCE because of Microsoft's infringing activities and other conduct complained of herein;

c. Judgment that Microsoft account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Microsoft's infringing activities and other conduct complained of herein;

d. That CCE be granted pre-judgment and post-judgment interest on the damages caused by Microsoft's infringing activities and other conduct complained of herein; and

e. That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: October 1, 2013**              Respectfully submitted,

/s/ Edward R. Nelson, III by permission T. John Ward, Jr. ____
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgardner@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
Michael J. Fagan, Jr.
mfagan@nbclaw.net
Louisiana State Bar No. 33821
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**