IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:13-cv-00738 |
| v. | § § | **JURY TRIAL DEMANDED** |
| MICROSOFT CORPORATION, | § § § § | |
| Defendant. | § § § | |

**PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC'S
RESPONSE TO MICROSOFT CORPORATION'S PROTECTIVE NOTICE
OF RENEWAL OF ITS MOTION TO DISMISS OR TRANSFER**

Ostensibly in response to Plaintiff Cellular Communications Equipment's First Amended Complaint (Dkt. No. 47), Defendant Microsoft Corporation filed a "Protective Notice" renewing its fully-briefed motion to dismiss or transfer.  *See* Dkt. No. 48.  The Protective Notice purports to excuse Microsoft from formally responding to the Amended Complaint based on the Microsoft-specific stay ordered by the Court at the February 26, 2014 Special Case Management Conference.  However, Microsoft mischaracterizes the record in assuming that the stay has not already terminated and, otherwise, in discussing its efforts towards a meet-and-confer with CCE prior to filing the subject Notice.

Relative to the existence of a Microsoft-specific stay, Microsoft quotes the Court, to wit, "I am going to go ahead and stay any obligation on Microsoft's part until after *that mediation* has been completed."  Notice at 2 (emphasis added).  But Microsoft omits further context concerning the nature of the stay.  Indeed, the Court further ordered, "[I]f [mediation] is not successful, *then Microsoft will be expected to comply in all respects with the order*."  Exh. A, Transcript at 33:8-9 (emphasis added); *see also* Exh. B, Minutes at 3.  Thus the problem for Microsoft is that mediation concluded without success on March 14, 2014, and Microsoft should now be actively engaged in these proceedings.

It bears mention that the discussion regarding Microsoft's stay was precipitated, in part, by Microsoft's assertion that (unlike other Defendants) only one patent had been asserted against it, involving non-cellular technology.  *Id.* at 27:5-29:8.  However, Microsoft debuted its much-anticipated Surface 2 LTE tablet shortly thereafter, and, by virtue of CCE's Amended Complaint, Microsoft stands accused of infringing six CCE patents (five of which relate to cellular

1

technology).[1]

With respect to Microsoft's efforts to meet-and-confer, Microsoft made a less-than-sincere effort.  Indeed, at 3:24 p.m. on the day it filed its Protective Notice, Microsoft counsel sent CCE counsel an email seeking "confirm[ation] that Microsoft's pleading in response to CCE's amended complaint is not due until [Microsoft's] piece of the case is un-stayed should the parties' mediation efforts fail."  *See* Exh. C.  The email was sent to CCE's lead counsel only, who was unavailable to respond, let alone consult with CCE about the issue before responding.  Microsoft then filed its Protective Notice at 9:43 p.m., only six hours after sending the email.

Now that CCE has had the opportunity to consider Microsoft's desire to avoid further briefing, CCE is amenable to the Court ruling on the pending motion to dismiss or transfer (Dkt. No. 9), as argued.  But CCE believes: (i) that any such ruling should contemplate the altered factual landscape (Microsoft stands accused of infringing multiple patents related to cellular technology, just like the other Defendants); and (ii) that Microsoft should, at this juncture, be a full participant in ongoing litigation in this Court, as the stay terminated on the Court's terms when mediation ended at impasse.

**Dated: April 9, 2014**                     Respectfully submitted,

/s/ Edward R. Nelson III
Edward R. Nelson III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgardner@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424

---

[1] CCE served Microsoft with Infringement Contentions for the Microsoft accused products — including the Surface 2 LTE — on March 21, 2014, the same date it filed the Amended Complaint.

2

S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 9th day of April, 2014. As of this date, all counsel of record that has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III

3